UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00904-ODW (KESx) | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Firounika Garagossian v. Ernest Santacruz et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings:**    In Chambers

    Presently before the Court is Petitioner Firounika Garagossian's Motion for a Temporary Restraining Order.  (TRO, Dkt. No. 6.)

    Garagossian is a native of Kuwait and citizen of Iran.  (Pet. ¶ 2, Dkt. No. 2.)  Garagossian entered the United States approximately thirty-four years ago.  (*Id.*)  On or about February 23, 2012, Respondents detained Garagossian and ordered her removed, designating Iran as the primary country of removal and Kuwait as the alternative.  (*Id.* ¶ 4.)  Respondents released Garagossian "soon thereafter."  (*Id.*)  On January 6, 2026, Garagossian was arrested and re-detained without explanation, notice, or valid reason.  (*Id.* ¶ 6.)

    A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00904-ODW (KESx) | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Firounika Garagossian v. Ernest Santacruz et al* | | |

Garagossian fails to establish likelihood of success. Garagossian's TRO relies on a mistaken reading of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court addressed how long an alien may be detained pursuant to § 1231(a)(6). 533 U.S. at 682. First, the Supreme Court held that the government does not have the power to "hold indefinitely in confinement an alien ordered removed." *Id.* at 697. Second, and more pertinent here, the Supreme Court established that a six-month period of detention is "presumptively reasonable." *Id.* at 701. However, after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here however, as best as the Court can tell, Garagossian has only been detained for a little under two months. (*See* Pet. ¶ 6.) Thus, Garagossian's detention remains "presumptively reasonable" under *Zadvydas*. Garagossian argues that the "six-month presumptively reasonable period for continued removal efforts has long expired." (*Id.* ¶ 64.) But as the Court discusses above, the six-month period articulated in *Zadvydas* bears on detention, not removal efforts.

Garagossian also makes two other arguments: that Respondents failed to follow their own regulations and that her re-detention violates due process. (TRO 4–5.) Neither argument is supported by a sufficient factual showing. The Court cannot tell how Respondents failed to follow their own regulations and how Respondents' actions have violated Garagossian's due process rights. Merely quoting the applicable legal standard is plainly insufficient. If she wishes to re-file a request for a TRO, Garagossian must support her legal arguments with a factual showing sufficient for the Court to determine likelihood of success on the merits.

Accordingly, the Court **DENIES** Garagossian's Motion for a TRO **WITHOUT PREJUDICE**. (Dkt. No. 6.)

**IT IS SO ORDERED**.

_____ : 00

Initials of Preparer   SE